IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-323-BO-BM

| | | |
|---|---|---|
| JEREMY SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TRANS UNION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss for failure to state a claim. [DE 13]. Plaintiff responded [DE 20] and defendant replied [DE 22]. A hearing was held before the undersigned on November 17, 2025, in Raleigh, North Carolina. In this posture, the motion is ripe for decision. For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Jeremy Smith was at all relevant times the owner of JSmith Civil, LLC, a construction company. [DE 10, ¶ 7]. Between April and June of 2020, JSmith Civil purchased three vehicles with seller financing by Deacon Jones. *Id.* at ¶¶ 8–11. According to plaintiff, he was never personally responsible as a co-signer for the debt. Plaintiff alleges he may have executed a guaranty related to one of the vehicles, but he did not execute a guaranty related to the other two. *Id.* at ¶¶ 15–16. He alleges he never functioned as a co-obligor or a co-borrower on any of the loans. *Id.* at ¶ 18. Deacon Jones assigned the loans to Ally Bank, which began reporting the loans on plaintiff's credit. *Id.* at ¶¶ 12–14.

JSmith Civil filed for chapter 11 bankruptcy on September 19, 2023 in the United States Bankruptcy Court for the Eastern District of North Carolina. *Id.* at ¶ 25. There, Ally filed as proofs of claim two documents—plaintiff's guarantees for two of the cars—which plaintiff alleges are

forged. *Id.* at ¶¶ 26–27. After discovering the forged documents, plaintiff investigated and determined that Ally was making false reports to consumer reporting agencies (CRAs). *Id.* at ¶ 29. Plaintiff initiated this case against defendant Trans Union, LLC under the Fair Credit Reporting Act.

> Specifically, plaintiff alleges
>
> the following inaccurate entries were on Plaintiff's credit report, and continue to be on his credit report despite the Transunion Dispute made by Plaintiff: (i) all credit entries made on Plaintiff's credit report since he was (at worst) a guarantor on the Loans and not a co-borrower, (ii) the credit entries marking the Loans as charged off, (iii) the credit entries after the order confirming JSmith's bankruptcy plan showing the Loans as past due, charged off, and not containing the bankruptcy plan court ordered terms, (iv) all entries that showed a past due amount.

*Id.* at ¶ 41.

## DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

2

570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When a consumer disputes the accuracy of information contained in his file and notifies the CRA, 15 U.S.C. § 1681i imposes a duty on the CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information[.]" 15 U.S.C. § 1681i(a)(1)(A). "[T]o state a claim, a consumer must allege facts that, if true, indicate an inaccuracy or incompleteness in their credit report that is *objectively and readily verifiable.*" *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 253 (4th Cir. 2025) (emphasis added). "Inaccuracies that are objectively and readily verifiable do not include claims of tortious conduct that require a furnisher to evaluate the subjective nature of the parties' actions – such as claims of fraud or retaliation." *Id.* at 251.

The foremost question before the Court is whether plaintiff has pled that an objectively and readily verifiable inaccuracy appeared in his credit report. Defendant contends he has not, because the validity of the loan documents in general—which depends on a finding of whether they were forged or legitimate—is uncertain and unverifiable through reasonable investigation. Taking the amended complaint's allegations as true, however, TransUnion would have had no basis for treating plaintiff as a *co-obligor or co-borrower* when the allegedly forged documents only purport that plaintiff is a *guarantor*. To determine that plaintiff is not a co-obligor or co-borrower does not require determining whether the guaranty documents were forged. Reference to the alleged documents would readily reveal that plaintiff was not a co-signer.

Where a plaintiff pleads an objectively and readily verifiable inaccuracy, the Court need not scrutinize his allegations of an unreasonable investigation. *See id.* at 252 ("so long as the plaintiff pleads an objectively and readily verifiable inaccuracy, we will not address the

3

reasonableness of Carter-Young's investigation in the first instance"). Because plaintiff's FCRA claim will proceed, the Court declines to strike plaintiff's allegation of willfulness.

The amended complaint alleges plaintiff notified TransUnion of the inaccurate information, [DE 10, ¶ 56], that TransUnion failed to conduct a reasonable investigation or correct the inaccuracies, *id.* at ¶¶ 44, 46–47, and that plaintiff suffered damages as a result, *id.* at ¶ 60. Plaintiff states a claim.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the amended complaint [DE 13] is DENIED. Defendant's motion to dismiss the original complaint [DE 4] is DENIED as MOOT.

SO ORDERED, this 16 day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4